OaRUTHERS, J.,
delivered the opinion of the Court.
Bradford entered into a covenant with the plaintiffs as Commissioners of the Forked Beer River, to make *615 certain improvements in the river, therein designated, and the other defendants became his sureties in his penal bond, for the faithful performance of his undertaking. A large amount was advanced to him, and he failed to perform the work. This action of covenant was brought to recover back the amount paid to him on the contract.
The suit is defended by most rare and voluminous pleadings, joint and several. But the case is presented to us upon a few simple questions. There was a recovery against Bradford, but all his sureties were discharged by the verdict of the jury and the judgment of the Court. From this the plaintiffs appealed, except as to Bradford.
The facts, so far as they are necessary to be stated for the questions before us, are, that the bond of Bradford was signed by himself, JE. W.- Tipton, P. M. Tip-ton, and S. G. Gillespie, and presented to the commissioners, then in session, for acceptance, when it was agreed that E. W. Tipton could not properly be a surety, as he was one of the commissioners; whereupon they erased his name, without the knowledge or consent of the other two sureties, P. M. Tipton and Gillespie. After that, Bradford procured the defendants, Sampson and Burton, to enter their. names to the same bond, as his sureties.
P. M. Tipton and Gillespie join in a plea setting up the above facts. The Judge properly charged the jury that if the joint obligor, E. W. Tipton, had been discharged, by the erasure of his name, without their approbation or any subsequent acknowledgment or ratifica *616 tion on their part, they were not bound- This is too plain for argument.
But as to Sampson and Burton, the case is very different. They, also, join in a plea setting up the de-fence that they signed the bond “ after the other defendants, and upon the faith of their being bound, and without any knowledge or information that they were not bound, or that the writing obligatory had been altered by the plaintiffs, and they aver that said bond had been altered by plaintiffs after the signature of the other defendants, and without their consent, by striking out the name of E. W. Tipton, and which fact was concealed from them.”
Upon this part of the case, the Court laid down the law to the jury thus: “ As to the case of Sampson and Burton, the jury should examine the proof and see if they signed the contract upon the belief that P. M. Tipton and Gillespie were bound,” and’if not, but they had been discharged by the act of the plaintiffs, in the erasure of the name of E. W. Tipton, and they did not inform them of that fact before they signed the paper, as it was. their duty to do, it would be a fraud upon them, and they would not be bound.
In this we think there is manifest error. The obliteration occurred before the bond was signed by them. It was palpable to their observation. They knew the the fact, for it was before them. They signed with that knowledge. The plaintiffs concealed nothing from them; all that they had done, and the fact complained of, was visible. It may be true that they did not know by whom it was done, nor that the circumstances were such as to discharge the joint obligors before them — P. M. *617 Tipton and Gillespie. But that was their own fault; they were, or should have been, put upon the inquiry by the obliteration of the name, and should have satisfied themselves before they signed, as to all the circumstances. It may be true, also, that even if they knew all the facts and circumstances correctly and fully, still» they may not have been aware, as a matter of law, that the effect of the release of one obligor would discharge the others, then on the bond. If they did not know the law on this subject, it was their misfortune, not the fault of the plaintiffs. There was no fraud, concealment, or mistake of facts, and ignorance of the law is no defence in such a case.
So, we think, Sampson and Burton were improperly discharged,- because of the error in the instruction of the Court, and, therefore, reverse the judgment, and grant a new trial.